UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| AIR PRODUCTS AND CHEMICALS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. _____ ) |
| AUSTAL USA, LLC, | ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff Air Products and Chemicals, Inc. ("Plaintiff" or "Air Products") hereby files this Complaint for breach of contract against defendant Austal USA, LLC ("Defendant" or "Austal").

### Nature of Action

Plaintiff and Defendant entered into a contract in 2013 whereby Defendant agreed to purchase its entire requirements for helium exclusively from Plaintiff. The term of the contract was twice extended by amendment, most recently a 2021 amendment that extended the term through August 9, 2026, at an agreed-on fixed price for the helium. In March of 2024, Defendant fell behind on its payment obligations to Plaintiff. Plaintiff and Defendant agreed on a payment plan to cure the deficiency, which Defendant paid on July 22, 2024. However, Defendant secretly began purchasing helium from a third-party supplier instead of purchasing helium from Plaintiff pursuant to the contract. Defendant admitted that its decision to stop purchasing helium from Plaintiff was motivated by "how much higher" the agreed-upon contract price is "compared to the [current] market."

Shortly after Plaintiff informed Defendant that it intended to commence a breach of contract lawsuit, Defendant attempted to terminate the contract by letter dated November 27, 2024,

purporting to provide a 90-day written notice of Defendant's intention to terminate the contract without cause effective February 25, 2025. The contract does not allow Defendant to terminate the contract without cause before the end of the term, which is August 9, 2026. Further, Defendant by its conduct repudiated and breached the contract several months ago. Plaintiff seeks a money judgment against Defendant for its breach of contract.

## Jurisdiction and Venue

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties (as explained in paragraphs 4-5 below), and the amount in controversy exceeds $75,000 (as explained in paragraph 14 below).

2. This Court has personal jurisdiction over defendant Austal because Austal's principal place of business is in Alabama and because Plaintiff's claims against Austal arise out of Austal's acts and omissions in Alabama.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(1) because defendant Austal resides in this judicial district. Venue further is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claim occurred in this judicial district.

## Parties

4. Plaintiff Air Products is a Delaware corporation with its principal place of business in Allentown, Pennsylvania. Air Products is a supplier of industrial gases and related equipment to customers around the world.

5. Defendant Austal is an Alabama limited liability company with its principal place of business in Mobile, Alabama. Austal is a shipbuilding company.

**Factual Allegations**

*A. Product Supply Agreement between Plaintiff and Defendant Austal:*

6.      Plaintiff Air Products supplies, among other things, atmospheric gases (such as oxygen, nitrogen, and argon), process gases (such as hydrogen and helium), and specialty gases. These gases are primarily sold in either bulk gaseous and liquid form or in compressed gas cylinders known as "packaged gas." Industrial gases have wide-ranging applications in industries such as chemicals, healthcare, food and beverage, semiconductors, and more.

7.      On March 9, 2013, plaintiff Air Products and defendant Austal entered into a Product Supply Agreement and Rider for the supply of helium to Austal for its facility in Mobile, Alabama (the "Supply Agreement"). *See* Exhibit 1, Supply Agreement.[1]

8.      In the Supply Agreement, Austal agreed to "purchase its entire requirements of the Product [helium] at the Designated Location identified above from [Air Products] for the Term hereof" and agreed "not to obtain, by any method, or purchase from others, any Product or materials in gaseous or liquid form, irrespective of how produced or delivered, in substitution for such Product." *Id.* at p. 3 ¶ 1.1.  The Supply Agreement defines "Product" as gaseous helium and the "Designated Location" as 1 Dunlap Drive, Mobile, Alabama 36602. *Id*. at p. 3.

9.      The Supply Agreement further provides that delivery of the helium will be made to "Toller Locations" identified as Southern Gas and Supply, Inc. ("Southern Gas") in Theodore, Alabama and WESCO Gas & Welding Supply, Inc. ("WESCO") in Prichard, Alabama. *Id.* at p. 3 ¶ 1.4. Southern Gas and WESCO operate helium transfills that re-package the bulk helium supplied by Plaintiff into compressed gas cylinders for Austal.

---

[1] Due to a confidentiality provision in the Supply Agreement and the commercially sensitive nature of certain of its terms, Plaintiff contemporaneously will file a motion for leave to file under seal Exhibits 1, 2, and 3 that are referenced herein.

10. On or about April 24, 2017, Plaintiff and Austal entered into an amendment (the "First Amendment") to the Supply Agreement. *See* Exhibit 2, First Amendment.

11. The First Amendment, among other things, adjusted the pricing for the helium and extended the term of the Supply Agreement through August 9, 2021. *See id.*

12. On or about May 24, 2021, Plaintiff and Austal entered into a second amendment to the Supply Agreement (the "Second Amendment"). *See* Exhibit 3, Second Amendment.

13. The Second Amendment, among other things, adjusted the pricing for the helium and extended the term of the Supply Agreement through August 9, 2026. *See id.* ("The Term is extended through August 9, 2026 and shall continue thereafter in accordance with the [Supply Agreement].")

14. The amount in controversy in this case is well in excess of $75,000, based on Austal's monthly requirements of helium and the agreed-upon price for the purchase of those helium requirements through the August 2026 contract term as set forth in the Second Amendment. *See* Ex. 1 at p. 4 ¶ 4 (stating estimated monthly volume); Ex. 3 at p. 1 ¶ 1 (stating unit price).

B. *Austal's Breach of the Supply Agreement:*

15. From the inception of the Supply Agreement in 2013 and until June 2024, Austal made regular purchases of helium from Plaintiff in accordance with the Supply Agreement.

16. In March 2024, Austal fell behind on its payment obligations to Plaintiff.

17. Plaintiff and Austal agreed on a payment plan to cure the deficiency, which Austal paid on July 22, 2024.

18. However, Austal secretly began purchasing helium from a third-party supplier.

19. Austal has not purchased or taken delivery of helium from Plaintiff since June 12, 2024.

20. Beginning in July 2024, Plaintiff began to observe helium trailers bearing the logo of a competing helium supplier at the Southern Gas and WESCO delivery locations covered by the Supply Agreement.

21. On information and belief, Austal has purchased its full requirements of helium since at least July 2024 from a third-party supplier in violation of the Supply Agreement.

22. Austal admitted in writing to Plaintiff on October 23, 2024, that Austal's decision to stop purchasing helium from Plaintiff pursuant to the Supply Agreement was motivated by "how much higher" the agreed-upon contract price under the Supply Agreement is "compared to the [current] market."

23. Austal recently has made demands for Plaintiff to remove its helium trailers from the Southern Gas and WESCO delivery sites covered by the Supply Agreement.

24. Austal's demands, which are in violation of the Supply Agreement, further demonstrate Austal's repudiation of the Supply Agreement and its intention not to perform for the remaining contract term through August 9, 2026.

25. To date, Austal has not purchased any helium from Plaintiff since June 2024 and, on information and belief, has been purchasing helium instead from a competing supplier for months in violation of the Supply Agreement.

26. Plaintiff recently informed Austal that it intended to commence a breach of contract lawsuit due to Austal's clear breaches of the Supply Agreement.

27. Several days later, on November 27, 2024, Austal sent an ineffectual letter to Plaintiff purporting to provide a 90-day written notice of Austal's intention to terminate the Supply Agreement effective February 25, 2025.

28. Defendant by its conduct repudiated and breached the contract many months ago.

29.     In any event, the Supply Agreement does not allow Austal to terminate the contract without cause before the end of the August 9, 2026, term.  Rather, the original Supply Agreement provided for an initial term of 48 months, continuing "unless and until terminated by either party as of the end of the Initial Term, or any time thereafter, by not less than 90 days prior written notice." *See* Ex. 1 at p. 3 ¶ 1.5. The First Amendment extended the term by 48 months "through 9 August 2021." *See* Ex. 2 at p. 1 ¶ 4.  The Second Amendment further extended the term "through August 9, 2026" and provided that the term "shall continue thereafter in accordance with the Agreement." *See* Ex. 3 at p. 1 ¶ 3.  The Second Amendment thus establishes a fixed term through August 9, 2026, during which the Supply Agreement cannot be terminated without cause.

30.     Austal's invalid and ineffective attempt to prematurely terminate the Supply Agreement before the end of the August 9, 2026, term is a further breach and demonstration of its repudiation.

**COUNT ONE**

**Breach of Contract**

31.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 30 as though fully set forth herein.

32.     Plaintiff and Austal are parties to the Supply Agreement, which is a valid and binding contract.

33.     Air Products has performed its obligations under the Supply Agreement.

34.     Austal breached its obligations under the Supply Agreement by, among other things, failing to purchase any helium from Plaintiff since June 2024 and purchasing helium from a third-party supplier.

35. Austal repudiated the Supply Agreement and has demonstrated its intention not to perform and abide by the Supply Agreement for the remaining contract term through August 9, 2026.

36. Austal's breach and repudiation of the Supply Agreement have damaged Plaintiff.

WHEREFORE, Plaintiff demands judgment against Austal for its damages in an amount well in excess of $75,000, plus interest, attorneys' fees and costs, and for such other relief as is just and proper.

Respectfully submitted,

/s/ Ethan Tidmore
Ethan Tidmore, Esq.
Bradley Arant Boult Cummings LLP
1819 5th Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8653
Facsimile: (205) 488-6653
etidmore@bradley.com

*Attorney for Plaintiff Air Products and Chemicals, Inc.*

Defendant will be served by certified mail at:

Austal USA, LLC
c/o Corporate Service Company, Inc., Registered Agent
641 South Lawrence Street
Montgomery, AL 36104